IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NORTHERN TEXAS LUBBOCK DIVISION

| | | |
|---|---|---|
| Joseph Sullivan, <br> Monica Chavez <br><br>       *Plaintiffs,* <br><br> vs. <br><br> Garza County Sheriff's Office, <br> City of Post, Texas <br> Post Texas Independent School District <br>     Police Officer Bobby Dean, <br>       individually, <br> Garza County Patrol <br>     Deputy Derek Johnson, <br>       individually, <br> Garza County Patrol <br>     Deputy Samuel Melton, <br>       individually, <br><br>       *Defendants.* | § § § § § § § § § § § § § § § § § | 5:23-CV-00049 |

## COMPLAINT FOR DAMAGES

COMES NOW, Joseph Sullivan and Monica Chavez to submit this Complaint For Damages against the Garza County Sheriff's Office, City of Post, Texas, Bobby Dean, Derek Johnson, and Samuel Melton under 42 U.S.C. § 1983 and § 1988 and the Fourteenth Amendments to the United States Constitution. Jurisdiction is based upon 28 U.S.C. §1331 and § 1343 and under U.S.C. § 1367(a).

## I. PARTIES

1. Plaintiff Joseph Sullivan is a resident of Albuquerque, New Mexico.

2. Plaintiff Monica Chavez is a resident of Albuquerque, New Mexico.

3. Defendant Garza County Sheriff's Department (Department) is a governmental unit charged with enforcing laws in area of Garza County, Texas. The defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d), if the defendant refuses of fails to accept the service requested, the Plaintiff will request service of process to FRCP 4(j) upon the Garza County Sheriff's Chief or the Garza County Attorney.

4. Defendant City of Post, Texas (The City) is a municipal corporation located within the boundaries of the Lubbock Division of the Northern District of Texas. The defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d), if the defendant refuses of fails to accept the service requested, the Plaintiff will request service of process to FRCP 4(j) upon the Garza County Clerk or other chief executive officer.

5. Defendant Garza County Sheriff's Deputy Derek Johnson is a government employee charged with enforcing laws in area of Garza County, Texas. The defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d), if the defendant refuses of fails to accept the service requested, the Plaintiff will request service of process to FRCP 4(e) upon the defendant or Garza County Sheriff's Chief or Garza County Attorney.

6. Defendant Garza County Sheriff's Deputy Derek Johnson is a government employee charged with enforcing laws in area of Garza County, Texas. The defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d), if the

defendant refuses of fails to accept the service requested, the Plaintiff will request service of process to FRCP 4(e) upon the defendant or the Garza County Sherriff's Chief or Garza County Attorney.

II. Defendant Post Texas Independent School District Police Officer Bobby Dean is a school employee charged with enforcing laws for Post High School. The defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d), if the defendant refuses of fails to accept the service requested, the Plaintiff will request service of process to FRCP 4(e) upon them.

## II. JURISDICTION

7. 42 U.S.C. § 1983 and U.S.C. § 1988 provide jurisdiction over Plaintiff's constitutional claims for redress, which are conferred on this Court by 28 U.S.C. § 1343(a)(3).

8. Federal question jurisdiction is conferred on this Court by 28 U.S.C. § 1331, because this action arises under the Constitution and laws of the United States.

9. This Court also has pendant jurisdiction over all other claims asserted under the laws of the State of Texas, pursuant to 28 U.S.C. § 1367(a).

10. Venue is proper in the Northern District of Texas, Lubbock Division, as this is the district where the claim arose in accordance with 28 U.S.C. § 1391(b).

## III. DUTY AND APPLICABLE LAW

11. Plaintiffs were subjected to excessive force, false arrest, and other civil rights violations to be outlined in this complaint resulting from a traffic stop in Post, Texas.

12. Plaintiffs commences portions of this action pursuant to 42 U.S.C. § 1983 which provides

in relevant part for redress for every person within the jurisdiction of the United States for the deprivation, under the color of law, of any rights, privileges, or immunities secured by the Constitution and laws of the United States.

13. Deputy Johnson and Deputy Melton were acting under the color of law and are liable under 42 U.S.C § 1983. Some of their actions were so intentional and egregious, they are also individually liable.

14. Defendant Bobby Dean acted under the color of law as an agent of the Garza County Sheriff's Department. He wore civilian clothing with no official status indicated. None of his actions were in furtherance of any school related cause. He acted purely as an arm of the Department, with the Department's consent. Some of his actions were so intentional and egregious, he is also individually liable.

## IV. FACTUAL ASSERTIONS

15. Plaintiff Joseph Sullivan rented a vehicle in Albuquerque NM in anticipation of attending the world-renowned Austin Record Convention that same weekend. The plan was to stay in Austin, Texas for one night and attend the convention May 7th, 2021, and May 8th, 2021.

16. Plaintiff Monica Chavez went on the trip for good company and possible secondary driver if needed.

17. On May 6th, 2021, Plaintiff Joseph Sullivan rented a vehicle from Enterprise Car Rental in Albuquerque NM. Plaintiffs traveled to Post Texas and stay a night at the Best Western Post Inn, without incident.

18. On May 7th, 2021, Plaintiff Joseph Sullivan attended the Austin Record Convention.

Plaintiff's rented a hotel room in Austin Texas.

19. On May 8th, 2021, Plaintiff Joseph Sullivan suffered an illness, pancreatitis, and Plaintiff Monica Chavez needed to drive the vehicle back to Albuquerque, NM.

20. Plaintiffs planned on returning to the Post Texas Best Western, because the accommodations were superb at the establishment.

21. Driver Monica Chavez was stopped by Garza County Sherriff Deputy Derek Johnson for an alleged speeding violation near the entrance to the Post Texas Best Western. Deputy Johnson wore a law enforcement uniform and a Garza County Sherriff's badge of official status. He drove a marked law enforcement vehicle with emergency lights affixed. Plaintiff Joseph Sullivan remained in the passenger side of the vehicle.

22. Garza County Sherriff Deputy Samuel Melton arrived soon after. Deputy Johnson told Deputy Melton he believed THC would be found inside the vehicle. Plaintiff Monica Chavez was asked to exit the vehicle. Officer Johnson requested permission from Monica Chavez to conduct a search of the vehicle. "Do you have any objection to us taking a look?" Monica Chavez, did not rent the vehicle, but granted permission to search the vehicle.

23. Deputy Melton then ordered Plaintiff Joseph Sullivan to step out of the vehicle, for which he had no consent, and no reasonable suspicion.

24. Plaintiff Joseph Sullivan then informed the deputies he was the renter of the vehicle.

25. Plaintiff Monica Chavez asked Plaintiff Joseph Sullivan if she had to consent to the search of the vehicle. Plaintiff Joseph Sullivan said no. Plaintiff Monica Chavez then said she did not consent.

26. Deputy Johnson then unlawfully placed Plaintiff Joseph Sullivan into handcuffs and

placed him into the rear of the law enforcement vehicle, and closed the door. Deputy Johnson stated it did not matter that Sullivan had rented the vehicle, and that Sullivan should have known better than to try and influence the consent of Monica Chavez, because Sullivan is an attorney.

27. Plaintiff Sullivan believed he was under arrest at that time.

28. Plaintiff Monica Chavez then gave consent to search the vehicle due to Plaintiff Joseph Sullivan being arrested/detained inside the law enforcement vehicle.

29. Deputy Johnson then stated he would "call a dog" due to consent being withdrawn.

30. Deputy Johnson told Plaintiff Monica Chavez he was not going to waste his time since consent was withdrawn, and a dog would do an open air sniff. Deputy Johnson stated if the dog gets a hit during the open air search he would *then* have probable cause to search the vehicle.

31. Plaintiffs were not allowed to leave the area. Plaintiffs were being held against their will while waiting for a "drug dog" to arrive.

32. The actions of Deputy Johnson and Deputy Melton were not in furtherance of the initial alleged speeding infraction.

33. Deputy Johnson told Plaintiff Monica Chavez exactly where to stand, or she would be "put in cuffs and put in a car as well."

34. While waiting for the "drug dog," Deputy Johnson stated to Plaintiff Chavez, "I wont tell you again to put your butt against my car." Plaintiff Joseph Sullivan remained inside the law enforcement vehicle.

35. Deputy Johnson spoke with Plaintiff Joseph Sullivan while cuffed in the rear of the law enforcement vehicle. Deputy Johnson asked Plaintiff Sullivan, "What kind of an attorney

are you?" Sullivan replied, "criminal defense."

36. At that time, Plaintiff Sullivan believed this situation to be an illegal detention, and no longer felt he was going to jail.

37. Plaintiff Sullivan was allowed to step out of the law enforcement vehicle and Deputy Johnson, Deputy Melton, and Plaintiff Sullivan had a discussion of what was talking place at that moment.

38. Deputy Melton agreed that consent to search can be withdrawn under the law. Deputy Johnson then stated the withdraw of the consent is why a dog was being called.

39. Plaintiff Sullivan asked what facts gave Deputy Johnson reasonable suspicion to put him in handcuffs. Deputy Johnson stated he would not answer that question, "I'm not going to argue with you, call the sheriff or take me to court." Plaintiff Sullivan said, "I'm trying to have a debate with you." Deputy Johnson said, "I'm not going to debate you here on the side of the road, if I'm wrong you will take it to court."

40. A few minutes later, around midnight, while no school was in session, at a location away from school property, Bobby Dean, a K-9 handler for the Post Independent School District arrived in an unmarked civilian white truck. Bobby Dean was dressed in civilian attire, nothing indicating an official status. Deputy Johnson briefed Bobby Dean on the circumstances of the stop the consent, and the detention. He informed Mr. Dean he suspected there are some sealed bags "under back there" from a dispensary. "It looks like they are THC bags, said Deputy Johnson. "They are sealed so I can't see back there," said Deputy Johnson. "I don't know….If they aren't, fine," said Deputy Johnson.

41. Bobby Dean took his K-9, Zara, around the vehicle rented by Plaintiff Sullivan.

42. Plaintiff Sullivan asked Deputy Johnson how the dog indicates "a hit," to which Deputy

Johnson replied, "I don't know."

43. Plaintiff Sullivan watched Zara do the sniff search, and saw no indication of a "hit." Sullivan asked to be released form the handcuffs once the dog went around the whole vehicle.

44. Neither of the lapel videos running Garza County Sheriff's filmed an alleged "hit" by Zara, indicating the presence of any illegal drugs, however Defendant Bobby Dean walked back to his white civilian truck and said nothing. Defendant Dean made a gesture such as a nod or thumbs up towards the deputies. Defendant Dean was previously told to not say anything around Plaintiff Sullivan, to which he obliged.

45. "Looks like you are staying in handcuffs," Deputy Johnson said to Plaintiff Sullivan.

46. Plaintiff Sullivan is audibly surprised when told Zara detected a scent, as no indication was observed.

47. Defendant Johnson said "she hit on the back door," although he had previously stated he did not know how Zara indicated a scent of drugs, and Defendant Dean did not make any statement of where the detection occurred.

48. Deputy Johnson called on his radio, "probable cause vehicle search" immediately went to the location of the black bags inside the rental vehicle that he had mentioned to Defendant Bobby Dean. Inside the bag was a pair of shorts purchased the day prior at a general store in a small town along the way.

49. Deputy Johnson located nothing of evidentiary value inside the vehicle, contrary to his hunch, and the assertion of Defendant Bobby Dean.

50. Deputy Johnson and Deputy Melton searched all compartments of the vehicle and several bags and containers locate inside the vehicle.

51. Plaintiff Sullivan was un-cuffed and allowed to return to the rental vehicle.

52. Plaintiff Chavez was told she needed to remain outside the vehicle so Deputy Johnson could draft and issue a written warning for the alleged speeding infraction.

53. Plaintiffs agreed they would not be able to sleep after undergoing the ordeal, and Plaintiff Sullivan drove the rental vehicle back to Albuquerque NM.

54. Plaintiff Joseph Sullivan requested the lapel videos of Deputy Johnson and Deputy Melton on May 11th, 2021.

55. The videos were provided on May 13th, 2021.

56. Plaintiffs were able to then view the entirety of the investigation and understand the unfounded assertions by Deputy Johnson, that lead him to believe there was THC inside the rental vehicle.

57. These are assertions that Deputy Johnson declined to discuss while a handcuffed Plaintiff Sullivan questioned him.

58. It was unknown to the Plaintiffs at the time of the stop and detention, what facts Deputy Johnson thought existed to allow for this illegal search and detention.

## V. THE CITY'S POLICIES, CUSTOMS, AND PRACTICES

59. The City of Post's policies, customs, and practices lead to the incident in question.

60. On information and belief, Deputies Johnson and Melton had a history of civil rights violations against the public, particularly the motoring public. Despite this fact, the City hired them and retained them as law enforcement officers.

61. The City failed to train the deputies on lawful procedure for consensual searches.

62. The City failed to train the deputies on lawful procedure for probable cause searches.

63. Moreover, despite the fact that the City was aware of these prior violations of civil rights, the deputies were not retrained nor provided proper supervision to prevent the civil rights violations in this case.

## V. CAUSE OF ACTION: CITY OF POST, TEXAS

64. Defendant City of Post Texas is liable to Plaintiffs under 42 U.S.C. § 1983 for acting with deliberate indifference, to the civil rights violations by Deputy Johnson and Deputy Melton. Defendant City of Post Texas is also liable for the civil rights violations of Bobby Dean, who acted as an agent of the sheriff's department with the full knowledge and consent of the department. The acts and failures to act by the Defendants present at the incident were unreasonable and were the proximate cause of the damages to the Plaintiffs. By failing to provide the Defendants with sufficient training to remedy the Defendants previous civil rights violations, the City breached its' duty to provide the Defendants with adequate supervision and training regarding the reasonable searches and seizures and violated Plaintiff's 4th Amendment rights under several theories, including excessive force, battery, illegal search, and false arrest.

## VI. FIRST CAUSE OF ACTION:
## RIGHT TO BE FREE FROM UNREASONABLE SEIZURE:
## FALSE DETENTION AND FALSE ARREST
## 42 U.S.C. § 1983 – FOURTH AMENDMENT

65. Plaintiffs allege and incorporate the allegations set forth in the preceding paragraphs as

though fully set forth hereat.

66. Defendants violated Plaintiff's Fourth Amendment rights to be free from unreasonable seizure of their persons.

67. Defendant Derek Johnson violated Plaintiff Monica Chavez' Fourth Amendment right to be free from unreasonable seizure of her person by illegally ordering her to not move from her position and illegally detaining her with continuous threats of arrest.

68. Defendant Derek Johnson violated Plaintiff Joseph Sullivan's Fourth Amendment right to be free from unreasonable seizure through an illegal false detention and an illegal false arrest.

69. Defendant Johnson and Defendant Melton conspired and worked in tandem to violate Plaintiff's right to be free from unreasonable seizure, thus making them each liable for the others illegal acts. Defendant Melton is shown on both lapel videos agreeing that a consent to search can lawfully be withdrawn as Plaintiff Sullivan stated while standing at the scene in handcuffs. Defendant Melton acted with deliberate indifference to the illegal acts of Defendant Johnson.

70. These unlawful actions were done with the specific intent to deprive Plaintiffs of their constitutional rights to be secure in their person.

## VII. SECOND CAUSE OF ACTION:
### RIGHT TO BE FREE FROM UNREASONABLE SEARCH
### 42 U.S.C. § 1983 – FOURTH AMENDMENT

71. Plaintiffs allege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth hereat.

72. Defendants violated Plaintiff's Fourth Amendment rights to be free from unreasonable search of their property such as the rental vehicle and bags inside the vehicle.

73. Defendant Dean, Defendant Johnson and Defendant Melton conspired and worked in tandem to violate Plaintiff's right to be free from unreasonable searches, thus making them each liable for the others illegal acts. Defendant Melton is shown on both lapel videos agreeing that a consent to search can lawfully be withdrawn as Plaintiff Sullivan stated while standing at the scene in handcuffs. Defendant Melton acted with deliberate indifference to the illegal acts of Defendant Johnson.

74. These unlawful actions were done with the specific intent to deprive Plaintiffs of their constitutional rights to be secure in their property.

## VIII. FABRICATION OF EVIDENCE

### 42 U.S.C. § 1983

75. Plaintiffs allege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth hereat.

76. Defendant Bobby Dean used a trained drug detection dog, Zara, to sniff for drugs around the rental vehicle of Plaintiff Sullivan. Plaintiff Sullivan had experience observing this type of search and is aware the dog will typically indicate with a definite sound or motion if a drug scent is detected. Plaintiff Sullivan is aware Zara's indication of a scent must be unambiguous to avoid false alerts.

77. Defendant Dean arrived after Plaintiffs were illegally removed and detained. Defendant Johnson briefed Defendant Dean about his baseless suspicion that there was THC in the rear driver's side of the vehicle.

78. Plaintiffs observed the entire open air search by Zara. When Zara reached the rear driver's side of the rental vehicle, Zara did not make any indication. However, Defendant Dean threw a tennis ball against the rear driver's side door and gave it to Zara. Plaintiff Sullivan commented to Defendants Johnson and Melton that the dog did not indicate a scent of drugs.

79. During the search, Plaintiff Sullivan asked various questions about Zara. Defendant Johnson and Melton said they didn't know how the dog indicated the presence of drugs, even though Zara is the only dog the department used at that time.

80. After the open air search, during the illegal detention of Plaintiffs, Defendant Dean told Defendants Johnson and Melton, "Yes."

81. Defendant Johnson then told Plaintiff Sullivan, "looks like you are staying in handcuffs."

82. Defendant Johnson and Defendant Dean conspired to fabricate evidence and deprive Plaintiffs of their right to be free from unreasonable search. Defendant Melton knew and understood the civil rights violations occurring in his presence however acted in deliberate indifference. Defendant Melton had a duty to intervene and protect Plaintiffs right to be free from unreasonable search.

## IX. EXCESSIVE FORCE
## 42 U.S.C. § 1983 – FOURTH AMENDMENT

83. Plaintiffs allege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth hereat.

84. Plaintiff Johnson illegally placed handcuffs on Plaintiff Sullivan.

85. The handcuffs remained in place until Deputy Johnson and Deputy Melton could not find

any drugs inside the rental vehicle.

86. The use of handcuffs was excessive. Plaintiff Sullivan continuously objected to the use of handcuffs and continuously questioned Defendants Melton and Johnson to have them explain why handcuffs were legal under the circumstances. "What crime am I suspected of committing?" asked Plaintiff Sullivan. Defendant Johnson ultimately declined to answer or participate in the line of questioning by stating, "I have a choice to answer your questions," "I'm not going to debate you here," "If you feel I violated your rights, take me to court."

87. Defendant Melton knew and understood the civil rights violations occurring in his presence however acted in deliberate indifference. Defendant Melton had a duty to intervene and protect Plaintiffs right to be free from unreasonable search.

## X. FREEDOM OF SPEECH

### 42 U.S.C. § 1983 – FIRST AMENDMENT

88. Plaintiffs allege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth hereat.

89. Plaintiff Chavez had a First Amendment right to ask Plaintiff Sullivan whether she had to consent to a search of the rental vehicle, especially since this was classified as a consensual encounter by the Defendant Johnson.

90. Plaintiff Chavez exercised her First Amendment right and was deprived of her liberty, as a result.

91. Plaintiff Sullivan had a First Amendment right to answer Plaintiff Chavez' question and advise her she could withdraw her consent.

92. Plaintiff Sullivan exercised his First Amendment right and was deprived of his liberty, as a result.

93. Defendant Melton knew and understood the civil rights violations occurring in his presence however acted in deliberate indifference. Defendant Melton had a duty to intervene and protect Plaintiffs right to be free from infringement on Plaintiffs First Amendment right.

## XI. BATTERY

## 42 U.S.C. § 1983

94. Plaintiffs allege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth hereat.

95. Defendant Johnson unlawfully battered Plaintiff Sullivan by unlawfully placing handcuffs onto Plaintiff without consent.

96. Plaintiff Sullivan continued to be battered until released from the handcuffs once Defendant Johnson quelled his baseless assumptions that provoked the illegal searches.

97. Defendant Melton knew and understood the civil rights violations occurring in his presence however acted in deliberate indifference. Defendant Melton had a duty to intervene and protect Plaintiff's right to be free from an immediate battery.

## XII. GARZA COUNTY SHERIFF DEPARTMENT'S POLICIES, CUSTOMS, AND PRACTICES

98. The Garza County Sheriff Department (Department) policies, customs, and practices lead to the incident in question.

99. On information and belief, Deputies Johnson and Melton had a history of civil rights

violations against the public, particularly the motoring public. Despite this fact, the Department hired them and retained the as law enforcement officers.

100. The Department failed to train the deputies on lawful procedure for consensual searches.

101. The Department failed to train the deputies on lawful procedure for probable cause searches.

102. Moreover, despite the fact that the Department was aware of these prior violations of civil rights, the deputies were not retrained nor provided proper supervision to prevent the civil rights violations in this case. Once Deputy Johnson realizes there are no drugs in the rental vehicle, he says, "Negative marijuana, my bad" to which Deputy Melton replies, "this is the third time on a stop."

### XIII. DAMAGES

103. As a direct and proximate results of Defendants conduct, Plaintiff Chavez and Plaintiff Sullivan sustained severe emotional distress. Plaintiffs suffered mental anguish during the incident, and for months following the incident.

104. No medical expenses were incurred because Plaintiffs maintained a nearly inhuman level of composure under the circumstances. Any reasonable person under the circumstances may have escalated the situation to their own detriment.

### IX. PUNITIVE DAMAGES

105. Certain acts of the defendants were performed with malice aforethought, and intent at the time of the incident. To the extend allowed by law, Plaintiffs request an award of punitive damages.

## PRAYER

106. For these reasons, Plaintiffs ask the judgment against all defendants for the following:

   a. The Court conduct a trial on all issues. In the words of Deputy Johnson, "If I'm wrong you will take it to court."

   b. Judgment against the Defendants, jointly and severally, on behalf of the Plaintiffs for actual damages pursuant to 42 U.S.C. § 1983, including pre-judgment interest, post-judgment interest, and all costs of bringing this action.

   c. Any and all additional relief to which the Plaintiff may appear to be entitled.

Respectfully submitted,

*/s/ Joseph Sullivan*  3/6/23

Joseph Sullivan
315 Central Ave. NW #207
Albuquerque, NM 87102
505-620-3895
josephsullivan505@yahoo.com

*/s/ Monica Chavez*

Monica Chavez
7416 Aster SW
Albuquerque NM 87121
505-249-1397
mchavez633@gmail.com