IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| JOSEPH SULLIVAN and MONICA CHAVEZ, <br><br> Plaintiffs, <br><br> v. <br><br> GARZA COUNTY SHERIFF'S OFFICE, *et al.*, <br><br> Defendants. | § § § § § § § § § § § § § § CIVIL ACTION NO. 5:23-CV-049-H-BQ |

**FINDINGS, CONCLUSIONS, AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Garza County Sheriff's Office's (the Sheriff's Office) Motion to Dismiss under Rule 12(b)(5) and (6) and brief in support. ECF Nos. 31, 32. Pro se Plaintiffs Joseph Sullivan and Monica Chavez filed a response. ECF No. 43. The motion is now ripe for decision. After review of the motion and applicable law, the undersigned recommends that the United States District Judge **GRANT** the Sheriff's Office's Motion to Dismiss under Rule 12(b)(5) and **DENY** its Rule 12(b)(6) motion as moot.

**I.    Background**

For the purpose of evaluating the Sheriff's Office's Motion to Dismiss, the Court accepts as true the following narrative from Plaintiffs' Complaint. Plaintiffs assert that on May 8, 2021, Defendant Deputy Derek Johnson stopped them for a speeding violation in Post, Texas. Compl. 5, ECF No. 1.[1] Defendant Deputy Samuel Melton soon arrived on scene, and Johnson informed him that he suspected Plaintiffs had THC inside their vehicle. *Id.* Johnson requested permission

---

[1] Page citations Plaintiffs' pleadings refer to the electronic page number assigned by the Court's electronic filing system.

from Chavez to search the vehicle. *Id.* Chavez, who was driving at the time, initially consented. *Id.* Plaintiffs allege that Melton then asked Sullivan to step out of the vehicle, without "consent" or "reasonable suspicion." *Id.* Sullivan informed officers that the vehicle was a rental, and he was the lessee of the vehicle, not Chavez. *Id.* Sullivan further told Chavez she should not consent to the search, which she subsequently withdrew. *Id.*

Plaintiffs further aver that: (1) Sullivan was then unlawfully handcuffed detained in the back of the deputy's car; and (2) "Deputy Johnson stated it did not matter that Sullivan had rented the vehicle, and that Sullivan should" not have influenced Chavez's consent decision "because Sullivan is an attorney." *Id.* at 5–6. Chavez again consented to the search, but Johnson stated he would "call a dog," believing that Chavez had withdrawn her consent. *Id.* at 6. Plaintiffs allege that they were held against their will while waiting for the dog to arrive. *Id.* at 6–7. While waiting, "Sullivan was allowed to step out of the law enforcement vehicle" and "discuss[ed] . . . what was ta[]king place at that moment." *Id.* at 7. Defendant Sergeant Bobby Dean arrived "a few minutes later" with his K-9, Zara, and Johnson "informed . . . Dean he suspected there are some sealed bags" in the back of the vehicle that "look[ed] like . . . THC bags," but because they were "sealed," he could not "see back there." *Id.* Dean then walked Zara around the vehicle and Sullivan saw "no indication of a 'hit.'" *Id.* at 8. Plaintiffs assert that Dean, however, "walked back to his . . . truck and said nothing," but then "made a gesture" with "a nod or thumbs up towards the deputies." *Id.* Dean "said nothing" because he was "previously told to not say anything around Plaintiff Sullivan." *Id.* Johnson then said, "'she hit on the back door,' although he had previously stated he did not know how Zara indicated a scent of drugs." *Id.* Later in their Complaint, Plaintiffs contradictorily claim that after walking Zara around the vehicle, "Dean threw a tennis ball against the rear driver's side door and gave it to Zara" and then said "[y]es" to Johnson and Melton, giving

them the go-ahead to search Plaintiffs' vehicle. *Id.* at 13. Deputies proceeded to search "all compartments of the vehicle" and found nothing incriminating. *Id.* at 8–9. Sullivan was then uncuffed and allowed to return to the vehicle, and Johnson gave Chavez a warning for the speeding infraction. *Id.* at 9.

Plaintiffs allege Defendants violated their First and Fourth Amendment rights by: (1) Johnson and Melton illegally seizing, falsely detaining, and falsely arresting Plaintiffs; (2) Johnson and Melton illegally searching the vehicle after Chavez withdrew consent; (3) Johnson and Dean fabricating evidence by lying about the K-9's indication of drugs to establish probable cause; (4) Johnson's use of excessive force in handcuffing Sullivan; (5) Johnson's deprivation of Plaintiffs' First Amendment rights; (6) Johnson committing battery on Sullivan when he placed Sullivan in handcuffs without consent; and (7) "conspir[ing] and work[ing] in tandem" "to violate Plaintiff's [sic] right to be free from unreasonable searches, thus making them liable for the others [sic] illegal acts." *Id.* at 11–15.

Plaintiffs contend that the Sheriff's Office is liable for the actions of Deputies Johnson and Melton because its "policies, customs, and practices lead [sic] to the incident in question," "Johnson and Melton had a history of civil rights violations," and "[d]espite this fact, the [Sheriff's Office] hired . . . and retained the[m]," failed to train them, and did not provide proper supervision. *Id.* at 15–16. The Sheriff's Office filed a Motion to Dismiss on July 27, 2023, contending dismissal is appropriate because: (1) Plaintiffs failed to properly serve the Sheriff's Office under Federal Rule of Civil Procedure 4; (2) the Sheriff's Office cannot be sued because it is not a jural entity under Federal Rule of Civil Procedure 17(b) nor a person under § 1983; and (3) Plaintiffs have failed to state a claim of municipal liability. ECF No. 31, at 1, 6–7.

## II. Legal Standards

### A. Motion to Dismiss under Rule 12(b)(5)

A motion to dismiss under Rule 12(b)(5) challenges the method or lack of service. *Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 745 (N.D. Tex. 2013). A court cannot exercise jurisdiction over a defendant that is not properly served. *McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 906–07 (5th Cir. 1995). After a defendant contests the validity of service, plaintiff bears the burden of establishing its legitimacy or good cause for failing to effect timely service. *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012) (per curiam) (citing *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)); *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (citing *Sys. Signs Supplies v. U.S. Dep't of Just., Wash., D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990)). To establish good cause, "simple inadvertence or mistake of counsel . . . usually does not suffice and some showing of 'good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time period' is normally required." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985) (emphasis omitted) (quoting 10 WRIGHT & MILLER FEDERAL PRACTICE & PROCEDURE: CIVIL § 1165). A pro se plaintiff is not excused from the requirement to effect proper service of process. *Sys. Signs Supplies*, 903 F.2d at 1013.

### B. Motion to Dismiss under Rule 12(b)(6)

To survive a Rule 12(b)(6) motion, a plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009). In considering 12(b)(6) motions, courts must accept well-pleaded facts (not mere conclusory allegations) as true and view them in the light most favorable to the plaintiff. *Twombly*, 550 U.S. at 555 (explaining that a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"); *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 520 (5th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678) (stating that courts accept all well-pleaded facts as true, but "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' cannot establish facial plausibility"). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted). "The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### III. Discussion

#### A. Plaintiffs have failed to effect proper service on the Sheriff's Office.

This Court previously entered an order providing Plaintiffs 120 days to complete service and advising that failure to do so would result in "dismissal without prejudice unless Plaintiffs show good cause for (1) their failure to timely and properly effect service and (2) the Court to extend the time for service." ECF No. 7, at 1. Summons was returned executed as to the Sheriff's Office on July 7, 2023, exactly 120 days from the date Plaintiffs filed their Complaint. ECF Nos. 1, 22. The Sheriff's Office contends that service was effectuated on County Attorney Ted Weems and the Sheriff's Office's Administrative Assistant, Melinda Quintana, who are both improper agents for service. ECF No. 31, at 2–3. The Sheriff's Office explains that Quintana informed the

process server that she was not authorized to accept service but the process server left the documents anyway. *Id.* at 3. Further, the Sheriff's Office asserts that the process server told Weems that he was being sued, and Weems believed that he was being personally sued and served. *Id.* In support of its Rule 12(b)(5) motion, the Sheriff's Office attached declarations from Quintana and Weems reiterating the facts surrounding being served. ECF No. 32. Plaintiffs maintain that service of process was sufficient but concede that the issue "is moot" given that the Sheriff's Office "is not an entity that can be sued." ECF No. 43, at 1.

Federal Rule of Civil Procedure 4(j) provides that state governmental organizations must be served by either "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such defendant." FED. R. CIV. P. 4(j)(2). Under Texas law, "[i]n a suit against an incorporated city, town, or village, citation may be served on the mayor, clerk, secretary, or treasurer." TEX. CIV. PRAC. & REM. CODE § 17.024. Here, the chief executive officer for the Sheriff's Office would likely be the County Judge, if it was amenable to suit. *Hammonds v. Dallas Cnty.*, No. 3:17–CV–1661–N–BN, 2018 WL 2473680, at *5 (N.D. Tex. Apr. 26, 2018) (noting that under Rule 4(j)(2), service of process for the county could be effected by serving "the County Judge, who is also the chief executive"), *R. & R. adopted by* 2018 WL 2461982 (N.D. Tex. June 1, 2018). Plaintiffs did not serve the Garza County Judge. They also have not demonstrated that the Sheriff's Office is a "city, town, or village," or that administrative assistant, Quintana, or County Attorney Weems, qualify as one of the other "high ranking officials" identified in § 17.024. *Cf. Anthony of the Family Baker v. Child Support Div.*, No. 3:18–CV–341–C–BN, 2018 WL 1833059, at *3 (N.D. Tex. Mar. 28, 2018) (finding that proper service on a county court could be effected by serving defendant's chief executive officer or another high ranking

official under Tex. Civ. Prac. & Rem. Code § 17.024, if defendant could be sued), *R. & R. adopted by* 2018 WL 1830843 (N.D. Tex. Apr. 17, 2018). Service was therefore improper and the 120-day deadline for serving process has expired. Plaintiffs have not shown good cause for failure to properly serve the Sheriff's Office, nor have they requested additional time to properly serve them.

Ordinarily, dismissal for insufficient service is not appropriate "unless 'there is no reasonably conceivable means of acquiring jurisdiction over the person of a defendant'" and "is usually without prejudice to allow plaintiff an opportunity to effect proper service." *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 633 (N.D. Tex. 2007) (citation omitted). Here, because the incident that forms the basis of this suit occurred on May 8, 2021, more than two years ago, a 12(b)(5) dismissal without prejudice effectively operates as a dismissal with prejudice.

> [T]he statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state. Texas has a two year statute of limitations for personal injury claims. Under our law, the limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action. The plaintiff must know of the injury and the causal connection between the defendant and the injury.

*Heilman v. City of Beaumont*, 638 F. App'x 363, 366 (5th Cir. 2016) (internal quotation marks and citations omitted). "Where further litigation of a claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (brackets omitted) (quoting *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 556 (5th Cir. 1981)); *see Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016). Because a dismissal with prejudice is an "extreme sanction," the Fifth Circuit has limited the district court's discretion in dismissing cases with prejudice. *Id.* (citation omitted). At least one of three "aggravating factors" must be present to justify such a dismissal: (1) delay caused by the plaintiff himself and not his attorney; (2) "actual prejudice to the defendant; or (3) delay caused by

intentional conduct." *Kidd v. Monroe Transit Sys.*, No. 3:19-CV-01596, 2021 WL 537100, at *6 (W.D. La. Jan. 28, 2021) (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)), *R. & R. adopted by* 2021 WL 536136 (W.D. La. Feb. 12, 2021). "This standard of review applies when a case is dismissed for failure to effect service." *Coleman v. Carrington Mortg. Servs., LLC*, No. 4:19-CV-00231-ALM-CAN, 2021 WL 1725523, at *3 (E.D. Tex. Apr. 21, 2021), *R. & R. adopted by* 2021 WL 1721706 (E.D. Tex. Apr. 30, 2021) (citations omitted).

An additional question the Court must consider is the interplay between motions seeking relief under 12(b)(5) and 12(b)(6) and the timing in resolving each. "Procedurally, the Court must consider jurisdiction arguments first under Rules 12(b)(1), (b)(2), and (b)(5) before considering ... [a] motion[] to dismiss under Rule 12(b)(6)." *VeroBlue Farms USA, Inc. v. Wulf*, 465 F. Supp. 3d 633, 667 (N.D. Tex. 2020). Where proper service has not occurred, "personal jurisdiction claims are 'threshold grounds for denying audience to a case on the merits,' and require that the courts reach the threshold claims before reaching claims on the merits." *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012).

Because Plaintiffs have not properly served the Sheriff's Office, the Court has no personal jurisdiction over Defendant and therefore cannot reach the merits of the 12(b)(6) motion. Nevertheless, the undersigned examines the substance of Plaintiffs' claims[2] for the purpose of determining whether the Sheriff's Office's 12(b)(5) motion should be denied on the grounds that (1) Plaintiffs be permitted one final opportunity to properly serve process and (2) dismissal would effectively be "with prejudice" due to expiration of the statute of limitations. The undersigned concludes neither provides a sound basis for denying the motion. Plaintiffs cannot assert a viable § 1983 claim against the Sheriff's Office, a non-suable entity, thereby rendering meaningless any

---

[2] The Court will generally analyze Plaintiffs' claims as addressed in the Sheriff's Office's motion; however, such analysis is neither an adjudication nor recommendation on the issues raised under 12(b)(6).

further attempts at service. Moreover, this conclusion gives rise to at least one aggravating factor, i.e., actual prejudice to the Sheriff's Office (*see Price*, 792 F.2d at 474), should it be required to again respond to unviable claims. For the reasons previously set forth, as well as those explained below, the Sheriff's Office's 12(b)(5) motion should be granted.

### B. The Sheriff's Office is not a jural entity and therefore lacks capacity to be sued.

The Sheriff's Office moves for dismissal on the ground that it is not a jural entity that can be sued. ECF No. 31, at 6. "Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes*, No. 3:07-CV-1476-M, 2007 WL 4403983, at *2 (N.D. Tex. Dec. 17, 2007) (citing cases for support); *accord Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996) ("In Texas, county sheriff's and police departments generally are not legal entities capable of being sued, absent express action by the superior corporation (the county, in the case of the sheriff's department) 'to grant the servient agency with jural authority.'" (quoting *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991))).

Plaintiffs have pleaded no facts demonstrating that the Sheriff's Office, as a county sheriff department, is a separate jural entity subject to suit. *See, e.g., Darby*, 939 F.2d at 313 (explaining that a political subdivision such as a police department only has the capacity to be sued if it "enjoy[s] a separate legal existence" (quoting *Mayes v. Elrod*, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979))); *Williams v. Hunt Cnty., Tex. Sheriff Dep't*, No. 3:17-cv-3264-D-BN, 2018 WL 2031915, at *2 (N.D. Tex. Apr. 4, 2018) ("The sheriff's department of a Texas county is not a jural entity subject to suit."), *R. & R. adopted by* 2018 WL 2018592 (N.D. Tex. May 1, 2018); *Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. 1993) (dismissing plaintiff's claims against the Houston Police Department because it "lacks legal existence and the capacity to be sued").

In addition, the Sheriff's Office is not liable for the actions of their employees because 42 U.S.C. § 1983 does not impose vicarious liability. *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988). Because Plaintiffs have alleged no facts demonstrating that the Sheriff's Office possesses the capacity to be sued, Plaintiffs claims must be dismissed, even if they have pleaded constitutional violations.

### C. The Sheriff's Office is not a person under § 1983.

The Sheriff's Office also moves for dismissal on the ground that it "is not a 'person' against whom a § 1983 claim for money damages can be asserted." ECF No. 31, at 7. Plaintiffs concede that the Sheriff's Office "is not an entity that can be sued under . . . § 1983." ECF No. 43, at 1.

Section 1983 provides for liability against any *person* who, acting under color of law, deprives an individual of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (2017). Neither states nor state agencies are "persons" against whom a § 1983 claim for money damages can be asserted. *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)). Likewise, municipalities cannot be held liable in a § 1983 action based on a theory of respondeat superior. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Bd. of Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997)). The alleged "unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur." *Id.* (citing *Bennett*, 728 F.2d at 768 n.3. The undersigned therefore finds that dismissal on this basis is also proper.

### IV.    Leave to Amend

Plaintiffs have not requested leave to amend their Complaint. Nevertheless, the Fifth Circuit has observed that "district courts often afford plaintiffs at least one opportunity to cure

pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Because the Sheriff's Office cannot be sued, any amendment would be futile. *Palmer v. Kirkwood*, No. 4:20-cv-688-SDJ-KPJ, 2021 WL 4434318, at *4 (E.D. Tex. June 16, 2021) (concluding that granting leave to amend would not cure plaintiff's pleading deficiencies against a city police department because it was a non-jural entity that could not be sued), *R. & R. adopted by* 2021 WL 4399753 (E.D. Tex. Sept. 27, 2021). Thus, the undersigned finds that Plaintiffs need not be given leave to amend.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Judge **GRANT** Defendants' Motion to Dismiss under Rule 12(b)(5) as to Plaintiffs' claims. The undersigned further recommends that the United States District Judge **DENY** Defendant's Motion to Dismiss under Rule 12(b)(6) as moot.

## VI. Right To Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: November 3, 2023.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE