IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JOSEPH SULLIVAN and MONICA CHAVEZ, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 5:23-CV-049-H-BQ |
| GARZA COUNTY SHERIFF'S OFFICE, et al., | § § § § | |
| Defendants. | § § | |

## FINDINGS, CONCLUSIONS, AND
## RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant City of Post, Texas's (Post) Motion and Brief to Dismiss Pursuant to Rules 12(b)(5) and 12(b)(6) and Appendix in Support. ECF Nos. 25, 26. Pro se Plaintiffs Joseph Sullivan and Monica Chavez filed a response (ECF No. 39) and Post has submitted its reply. ECF No. 46. The motion is now ripe for decision. After reviewing the motion and applicable law, the undersigned recommends that the United States District Judge provide Plaintiffs fourteen days after any order adopting this recommendation to (1) amend their claims and (2) serve Post with the amended complaint. Should Plaintiffs amend their claims and serve Post with an amended complaint, the undersigned recommends that the United States District Judge **DENY** Post's 12(b)(5) and 12(b)(6) Motions as moot. Alternatively, should Plaintiffs elect not to amend their Complaint but instead properly serve Post with the extant Complaint, the undersigned recommends that the United States District Judge (1) **DENY** Post's Rule 12(b)(5) Motion and (2) **GRANT** Post's Rule 12(b)(6) Motion and dismiss Plaintiffs' Complaint.[1]

---

[1] In the unlikely event Plaintiffs neither amend nor re-serve their Complaint, the undersigned recommends that the United States District Judge (1) **GRANT** Post's Rule 12(b)(5) Motion and (2) **DENY** its Rule 12(b)(6) Motion as moot.

## I. Background

For the purpose of evaluating Post's Motion to Dismiss, the Court accepts as true the following narrative from Plaintiffs' Complaint. Plaintiffs assert that on May 8, 2021, Defendant Deputy Derek Johnson stopped them for a speeding violation in Post, Texas. Compl. 5, ECF No. 1.[2] Defendant Deputy Samuel Melton soon arrived on scene, and Johnson informed him that he suspected Plaintiffs had THC inside their vehicle. *Id.* Johnson requested permission from Chavez to search the vehicle. *Id.* Chavez, who was driving at the time, initially consented. *Id.* Plaintiffs allege that Melton then asked Sullivan to step out of the vehicle, without "consent" or "reasonable suspicion." *Id.* Sullivan informed officers that the vehicle was a rental, and he was the lessee of the vehicle, not Chavez. *Id.* Sullivan further told Chavez she should not consent to the search, which she subsequently withdrew. *Id.*

Plaintiffs further aver that: (1) Sullivan was then unlawfully handcuffed and detained in the back of the deputy's car; and (2) "Deputy Johnson stated it did not matter that Sullivan had rented the vehicle, and that Sullivan should" not have influenced Chavez's consent decision, "because Sullivan is an attorney." *Id.* at 5–6. Chavez again consented to the search, but Johnson stated he would "call a dog," believing Chavez had withdrawn her consent. *Id.* at 6–7. Plaintiffs allege that they were held against their will while waiting for the dog to arrive. *Id.* While waiting, "Sullivan was allowed to step out of the law enforcement vehicle" and "discuss[ed] . . . what was ta[]king place at that moment." *Id.* at 7. Defendant Sergeant Bobby Dean arrived "a few minutes later" with his K-9, Zara, and Johnson "informed . . . Dean he suspected there are some sealed bags" in the back of the vehicle that "look[ed] like . . . THC bags," but because they were "sealed," he could not "see back there." *Id.* Dean then walked Zara around the vehicle and Sullivan saw

---

[2] Page citations Plaintiffs' pleadings refer to the electronic page number assigned by the Court's electronic filing system.

"no indication of a 'hit.'" *Id.* at 8. Plaintiffs assert that Dean, however, "walked back to his . . . truck and said nothing," but then "made a gesture" with "a nod or thumbs up towards the deputies." *Id.* Dean "said nothing" because he was "previously told to not say anything around Plaintiff Sullivan." *Id.* Johnson then said, "'she hit on the back door,' although he had previously stated he did not know how Zara indicated a scent of drugs." *Id.* Later in their Complaint, Plaintiffs contradictorily claim that after walking Zara around the vehicle, "Dean threw a tennis ball against the rear driver's side door and gave it to Zara" and then said "[y]es" to Johnson and Melton, giving them the go-ahead to search Plaintiffs' vehicle. *Id.* at 13. Deputies proceeded to search "all compartments of the vehicle" and found nothing incriminating. *Id.* at 8–9. Sullivan was then uncuffed and allowed to return to the vehicle, and Johnson gave Chavez a warning for the speeding infraction. *Id.* at 9.

Plaintiffs allege Defendants violated their First and Fourth Amendment rights by: (1) Johnson and Melton illegally seizing, falsely detaining, and falsely arresting Plaintiffs; (2) Johnson and Melton illegally searching the vehicle after Chavez withdrew consent; (3) Johnson and Dean fabricating evidence by lying about the K-9's indication of drugs to establish probable cause; (4) Johnson's use of excessive force in handcuffing Sullivan; (5) Johnson's deprivation of Plaintiffs' First Amendment rights; (6) Johnson committing battery on Sullivan when he placed Sullivan in handcuffs without consent; and (7) "conspir[ing] and work[ing] in tandem" "to violate Plaintiff's [sic] right to be free from unreasonable searches, thus making them liable for the others [sic] illegal acts." *Id.* at 11–15.

Plaintiffs' allegations concerning the individual Defendants' employment status in relation to Post are not a model of clarity and generate considerable confusion. On one hand Plaintiffs assert that "Defendant Bobby Dean acted under the color of law as an agent of the Garza County

Sheriff's Department" (Compl. 4) while on the other claiming "Bobby Dean [is] a K-9 handler for the Post Independent School District." Compl. 7.³ Despite pleading that Sheriff's Deputies Johnson and Melton are Garza County employees (Compl. 2, 3, 5), Plaintiffs also claim Post "hired . . . and retained them as law enforcement officers." *Id.* at 9. Summing up, Plaintiffs contend that Post is liable for the actions of all three Defendants—Johnson, Dean, and Melton—because "[b]y failing to provide the Defendants with sufficient training to remedy the Defendants [sic] previous civil rights violations, the City breached its' [sic] duty to provide the Defendants with adequate supervision and training." *Id.* at 10. Post filed the Motion to Dismiss on July 26, 2023, contending dismissal is proper because Plaintiffs failed to properly serve it under Federal Rule of Civil Procedure 4, none of the named individual Defendants is a Post employee, and the facts alleged fail to state a claim of municipal liability. ECF No. 25, at 1, 2, 3, 4, 9.

## II.    Legal Standards

### A. Motion to Dismiss under Rule 12(b)(5)

A motion to dismiss under Rule 12(b)(5) challenges the method or lack of service. *Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 745 (N.D. Tex. 2013). A court cannot exercise jurisdiction over a defendant that is not properly served. *McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 906–07 (5th Cir. 1995). After a defendant contests the validity of service, plaintiff bears the burden of establishing its legitimacy or good cause for failing to effect timely service. *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012) (per curiam) (citing *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)); *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (citing *Sys. Signs Supplies v. U.S. Dep't of Just.*,

---

³ As such, it is also possible that Dean is an employee of Post (as a police officer) or the Post Independent School District. To further complicate matters, Plaintiffs further aver that "Post Texas is also liable for the civil rights violations of Bobby Dean, who acted as an agent of the sheriff's department." Compl. 10.

*Wash., D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990)). To establish good cause, "simple inadvertence or mistake of counsel . . . usually does not suffice and some showing of 'good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time period' is normally required." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985) (emphasis omitted) (quoting 10 WRIGHT & MILLER FEDERAL PRACTICE & PROCEDURE: CIVIL § 1165). A pro se plaintiff is not excused from the requirement to effect proper service of process. *Sys. Signs Supplies*, 903 F.2d at 1013.

### B. Motion to Dismiss under Rule 12(b)(6)

To survive a Rule 12(b)(6) motion, a plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering 12(b)(6) motions, courts must accept well-pleaded facts (not mere conclusory allegations) as true and view them in the light most favorable to the plaintiff. *Twombly*, 550 U.S. at 555 (explaining that a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"); *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 520 (5th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678) (stating that courts accept all well-pleaded facts as true, but "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' cannot establish facial plausibility"). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted). "The court's review is limited to the

complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### III. Discussion

#### A. Plaintiffs have failed to effect proper service on Post.

This Court previously entered an order providing the Plaintiffs 120 days to complete service and advising that failure to do so would result in "dismissal without prejudice unless Plaintiffs show good cause for (1) their failure to timely and properly effect service and (2) the court to extend the time for service." ECF No. 7, at 1. Summons was returned executed on Post on July 7, 2023, exactly 120 days from the date Plaintiffs filed their Complaint. ECF Nos. 1, 24. Post contends that service was effectuated on Garza County Attorney Ted Weems and Garza County Clerk Terri Laurence, who are both improper agents for service. ECF No. 25, at 1. Post explains that Post and Garza County are two separate governmental entities, and that Weems and Laurence are not city officers, nor are they authorized to act as agents or accept service on behalf of Post. *Id.* at 4. In support of its motion, Post attached a declaration from Rhett Parker, the City Manager of Post, stating that Laurence and Weems are not authorized to accept service, Post has not been served by Plaintiffs, and Post did not employ Defendants Johnson, Melton, or Dean. ECF No. 26, at 1–2.

Plaintiffs concede that "service was not perfected in this matter." ECF No. 39, at 5; *see* ECF No. 24 (reflecting service on Terri Laurence and Ted Weems). They explain, however, that they attempted to secure Post's waiver of service by e-mailing a waiver form, and Weems accepted service and should have clarified that he could not accept service on behalf of Post. *Id.* at 4–5. Plaintiffs also request additional time to perfect service. ECF No. 39, at 4–5.

In Post's Reply, it reiterates that service on Weems was not proper and avers that Weems could not clarify his position because the process server told him he was being personally served. ECF No. 46, at 4. In addition, Post asserts that service was improper under Texas Rule of Civil Procedure 103 because "the waiver was sent by one of the Plaintiffs." *Id.* at 6–7. Post also argues that the Court should not grant Plaintiffs additional time to perfect service because Plaintiffs have not shown good cause for an extension. *Id.* at 8–10.

First, the waiver procedure does not apply to Post. *Pickett v. City of Houston*, No. H-08-2734, 2009 WL 1158842, at *2 (S.D. Tex. Apr. 29, 2009) (explaining that the advisory committee notes provide that waiver of service may only be used against "defendants subject to service under Rule 4(e), (f), or (h) but not state or local governments subject to service under Rule 4(j)" (brackets and citation omitted)). Second, Federal Rule of Civil Procedure 4(j) provides that state governmental organizations must be served by either "(A) delivering a copy of the summons and of the complaint to [their] chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such defendant." FED. R. CIV. P. 4(j)(2). Under Texas law, "[i]n a suit against an incorporated city . . . citation may be served on the mayor, clerk, secretary, or treasurer." TEX. CIV. PRAC. & REM. CODE § 17.024.

Here, Plaintiffs served the Garza County Attorney and Garza County Clerk. ECF No. 24; ECF No. 26, at 1–2. Because neither is a proper Post employee for service, service was not proper under Rule 4(j)(2). *See Lafdi v. Holman*, No. 3:22-CV-922-S-BK, 2023 WL 2355939, at *2 (N.D. Tex. Jan. 10, 2023) (finding that service on the city manager's executive assistant and a records technician in a suit against the City of Forney was improper under § 17.024(b) and Rule 4(j)(2)), *R. & R. adopted by* 2023 WL 2355898 (N.D. Tex. Mar. 3, 2023); *Badger v. Police Dep't City of Monroe*, No. 3:21-CV-01311, 2021 WL 3394914, at *3 (W.D. La. July 19, 2021) (recommending

7

dismissal without prejudice because service on a Monroe police department employee was not effective service on the city under Rule 4(j)(2)), *R. & R. adopted by* 2021 WL 3385006 (W.D. La. Aug. 3, 2021).

Service of process on Laurence and Weems was improper and the 120-day deadline for serving process has expired. Plaintiffs have not shown good cause for failure to properly serve Post. They merely assert that "good faith efforts were made to perfect a waiver and perfect actual service." ECF No. 39, at 5 (emphasis omitted); *see Winters*, 776 F.2d at 1306 (stating that "simple inadvertence," mistake, and "ignorance of the rules" are generally all insufficient to establish good cause); *Dudley v. Bexar Cnty.*, No. SA–12–CV–00357–DAE, 2013 WL 1411598, at *2 (W.D. Tex. Apr. 8, 2013) (concluding plaintiffs did not establish good cause for failing to timely effect service, where they maintained "they were unaware that the waiver of service procedure set forth in Federal Rule of Civil Procedure 4 does not apply to local governments"). Dismissal without prejudice under Rule 12(b)(5) is therefore proper.

Because the incident that forms the basis of this suit occurred on May 8, 2021, more than two years ago, a dismissal without prejudice operates as a dismissal with prejudice.

> [T]he statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state. Texas has a two year statute of limitations for personal injury claims. Under our law, the limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action. The plaintiff must know of the injury and the causal connection between the defendant and the injury.

*Heilman v. City of Beaumont*, 638 F. App'x 363, 366 (5th Cir. 2016) (internal quotation marks omitted). "Where further litigation of a claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (brackets omitted) (quoting *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 556 (5th Cir. 1981)). Because

a dismissal with prejudice is an "extreme sanction," the Fifth Circuit has limited the district court's discretion in dismissing cases with prejudice. *Id.* (citation omitted). At least one of three "aggravating factors" must be present to justify such a dismissal: (1) delay caused by the plaintiff himself and not his attorney; (2) "actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Kidd v. Monroe Transit Sys.*, No. 3:19-CV-01596, 2021 WL 537100, at *6 (W.D. La. Jan. 28, 2021) (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)), *R. & R. adopted by* 2021 WL 536136 (W.D. La. Feb. 12, 2021). "This standard of review applies when a case is dismissed for failure to effect service." *Coleman v. Carrington Mortg. Servs., LLC*, No. 4:19-CV-00231-ALM-CAN, 2021 WL 1725523, at *3 (E.D. Tex. Apr. 21, 2021), *R. & R. adopted by* 2021 WL 1721706 (E.D. Tex. Apr. 30, 2021) (citations omitted).

Despite Plaintiffs not showing good cause for failing to timely effect service on Post, the Court finds that none of the aggravating factors necessitating dismissal with prejudice is present. Plaintiffs filed this action in March 2023 and attempted to effectuate proper service within the time period prescribed by the Court. *See* ECF Nos. 1, 7, 11, 14, 17, 24. Although the delay is attributable to Plaintiffs because they are pro se,[4] the delay here is much shorter than in cases where courts have dismissed with prejudice. *See Thrasher*, 709 F.3d at 511 (affirming dismissal with prejudice for failure to serve defendants because plaintiff waited four months after filing his complaint to effect service, and he did not respond or attempt to re-serve after defendants filed a motion to dismiss for insufficient process); *Fedex Customer Info. Servs., Inc. v. D&D Polymer Co.*, No. DR-12-CV-11-AM/VRG, 2014 WL 12872331, at *7 (W.D. Tex. Jan. 9, 2014) (dismissing plaintiff's case with prejudice based on "a clear record of delay" because plaintiff was completely inactive in its case for twenty months).

---

[4] The Court observes, however, that Plaintiff Sullivan is apparently an attorney. Compl. 6–7.

In addition, the delay does not seem intentional, and Post does not assert that it will experience any prejudice. *See Beck v. ISC Constructors, LLC*, No. 1:14-CV-174, 2015 WL 1088846, at *6 (E.D. Tex. Mar. 4, 2015) (finding that dismissal with prejudice was not warranted because serving defendants 150 days after filing the amended complaint was not a significant delay and it appeared that the delay was caused by "negligence and lack of diligence on the part of the plaintiffs' attorneys" and was not intentional).

Because service was improper, the undersigned recommends that the district judge give Plaintiffs the opportunity to serve Post within fourteen days after entry of any order adopting these findings, conclusions, and recommendation (FCR). In the event Plaintiffs effectuate proper service, it is recommended that the district judge deny Post's 12(b)(5) motion as moot. *See Bowling v. Childress-Herres*, No. 4:18-CV-610-ALM-CAN, 2019 WL 4463450, at *9 (E.D. Tex. Aug. 7, 2019) (recommending plaintiff have fourteen days from the date of any order adopting the FCR to re-serve defendant with an amended complaint), *R. & R. adopted by* 2019 WL 4451122 (E.D. Tex. Sept 17, 2019); *Culley v. McWilliams*, No. 3:20-CV-0739-E-BH, 2021 WL 1799431, at *5–6, *11 (N.D. Tex. Apr. 14, 2021) (giving plaintiff thirty days to properly effect service because plaintiff "would be barred by the statute of limitations from refiling her claim"), *R. & R. adopted by* 2021 WL 1789161 (N.D. Tex. May 4, 2021). In addition, the undersigned recommends that Plaintiffs be given leave to amend their Complaint to address the deficiencies discussed below, and properly serve Post with such complaint. If Plaintiffs do not re-serve Post within the relevant period, the undersigned recommends that the district judge grant Post's 12(b)(5) Motion to Dismiss without prejudice.

### B. Plaintiffs have not pleaded facts giving rise to a municipal liability claim.

Post asserts that dismissal is proper because: (1) it is not responsible for Garza County deputies and thus the "complained-of policy cannot be attributed to the municipality;" (2) Plaintiffs only complain about "an isolated incident, which is also insufficient to state a claim." *Id.* at 9 (emphasis omitted); (3) "Garza County Deputies Derek Johnson and Samuel Melton and Post ISD Officer Bobby Dean were not employees of the City of Post when this incident occurred, nor are they current City of Post employees;" and (4) "[t]he City of Post and Garza County are two separate and distinct governmental entities." ECF No. 25, at 2–4, 8–9. In support, Post relies on affidavits attached to its motion, which at the 12(b)(6) stage the Court cannot consider.[5] *See id.* at 3–4; ECF No. 26. Plaintiffs' relevant averments in this regard state that while Sheriff's Deputies Johnson and Melton are Garza County employees (Compl. 2, 3, 5), Post "hired . . . and retained them as law enforcement officers." *Id.* at 9. As to Defendant Bobby Dean, Plaintiffs contradictorily assert he acted under the color of law as an agent of the Garza County Sheriff's Department" (Compl. 4) while also claiming "Bobby Dean [is] a K-9 handler for the Post Independent School District." Compl. 7. Plaintiffs further conclusorily allege that "Post has adopted the policy of unlawful searches by Garza County Sheriff's [Office]." ECF No. 39, at 1.

---

[5] "[A] rule 12(b)(6) motion typically cannot rely on evidence outside the complaint." *George v. SI Group, Inc.*, 36 F,3d 611, 619 (5th Cir. 2022); *see Doe v. United States*, 831 F.3d 309, 315 (5th Cir. 2016) (recognizing impropriety of considering affidavit, which was outside the pleadings, in reviewing district court's Rule 12(b)(6) dismissal). "The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund*, 594 F.3d at 387. Generally, "documents are central when they are necessary to establish an element of one of the plaintiff's claims." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 463 B.R. 645, 662 (N.D. Tex. 2011). Where a referenced document "is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*; *see O' Malley v. Brown Brothers Harriman & Co.*, No. SA-19-CV-0010-JKP, 2020 WL 1033658, at *4 (W.D. Tex. Mar. 3, 2020) (excluding from the court's consideration documents attached to defendant's motion to dismiss because the document was more central to defenses rather than plaintiff's claims). Testimony concerning an individual's employment capacity constitutes evidence of an element of Plaintiffs' claims herein, thus requiring its exclusion at this stage of the Court's analysis. *See, e.g.*, ECF No. 25, at 9 ("The Plaintiffs assert a factually incorrect assertion that Officer Bobby Dean, Deputy Derek Johnson, and Deputy Samuel Melton were employed by the City of Post. . . . None of these Officers are employees of the City of Post.").

"A municipality is a 'person' subject to suit under Section 1983." *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 166 (5th Cir. 2010) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). A municipality cannot, however, "be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. Instead, "the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001); *see Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) ("The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." (emphasis in original)).

In other words, Plaintiffs must "show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Brown*, 520 U.S. at 404. "[T]he burden for establishing municipal liability under § 1983 is stringent." *Good v. City of Irving*, No. 3:06-CV-2133-K, 2009 WL 804701, at *8 (N.D. Tex. Mar. 26, 2009). Plaintiffs must demonstrate: "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). The principal agent or policy maker must have actual or constructive knowledge because "[a]ctions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy." *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (per curiam).

The Court initially notes that, generally, Post is not responsible under *Monell* for alleged constitutional violations committed by agents of *other* entities, e.g., the county, school district, etc. *See Belcher v. Lopinto*, 492 F. Supp. 3d 636, 648-49 (E.D. La. Oct. 5, 2020) (recognizing that *Monell* "reject[s] municipal liability predicated on respondeat superior" and that parish had no responsibility for prisoner's suicide where it had "no authority to manage the Sheriff's employees [and] [t]he Parish exercise[d] no power or discretion in the functioning of the Sheriff's office or the jail"); *Turner v. Upton Cnty.*, 915 F.2d 133, 136–37 (5th Cir. 1990) (holding that under Texas law, the sheriff is the policymaker in the county over law enforcement to which the county is responsible); *see also Sanders v. English*, 950 F.2d 1152, 1159 n.13 (5th Cir. 1992) (finding a city liable based on *city officials'* conduct only if the city's policy or custom played a part in the constitutional violation) (emphasis added); *Brown v. Bryan Cnty., OK*, 219 F.3d 450, 457 (5th Cir. 2000) (discussing when a city is responsible for failure to train its employees and when a county is liable for the sheriff's decision not to train an officer).

Here, Plaintiffs have offered nothing more than conclusory and contradictory assertions concerning whether Post is legally responsible for the conduct allegedly attributable to the individual Defendants. Plaintiffs' allegations range from claiming that Sheriff's Deputies Johnson and Melton are *Garza County employees*,[6] to Post being "liable to Plaintiffs" for "the civil rights violations by Deputy Johnson and Deputy Melton," and Post "hired . . . and retained them as law enforcement officers." (Compl. 2, 3, 5, 9, 15–16). Plaintiffs' allegations concerning Defendant Bobby Dean are similarly amorphous: (1) Dean "acted under color of state law as an agent of the Garza County Sheriff's Department" (Compl. 4); (2) "Bobby Dean [is] a K-9 handler for the Post

---

[6] In reference to their claims against the "Garza County Sheriff Department," Plaintiffs further allege that despite Deputies Johnson and Melton's "history of civil rights violations against the public," the "[Sheriff's] Department hired them and retained the[m] as law enforcement officers . . . failed to train the deputies on lawful procedure for consensual searches . . . and failed to train the deputies on lawful procedure for probable cause searches." Compl. 15–16.

Independent School District" (Compl. 7); and (3) "Post . . . is . . . liable for the civil rights violations of Bobby Dean, who acted as an agent of the sheriff's department." Compl. 10. As such, the Court cannot decipher precisely what Plaintiffs plead in this regard and therefore refuses to accept as true any of these allegations. *See Mora v. Univ. of Tex. Sw. Med. Ctr.*, 469 F. App'x 295, 299 (5th Cir. 2012) (noting that a claim that was contradicted by other facts alleged in the complaint made it "implausible on its face.") (per curiam); *LaRoe v. Blue Cross Blue Shield of Tex.*, No. Civ.A 3:03-CV-2381-K, 2004 WL 1585842, at *1 (N.D. Tex. July 13, 2004) (recognizing that a "court need not accept as true conclusory or inferential allegations which are contradicted by the facts pleaded . . . .").

Even setting aside the forgoing deficiencies, Plaintiffs complain about a singular event and fail to identify a specific policy or custom that led to the alleged constitutional violations in question. Plaintiffs merely allege that Post is liable for the actions of Defendants Johnson, Dean, and Melton because "[b]y failing to provide the Defendants with sufficient training to remedy the Defendants [sic] previous civil rights violations, the City breached its' [sic] duty to provide the Defendants with adequate supervision and training . . . ." Compl. 10. Further, Plaintiffs maintain that the "Garza County Law Enforcement Center is located in Post," and "[n]o other law enforcement department operates on behalf of the City of Post . . . ." ECF No. 39, at 3. Lastly, Plaintiffs assert in their Response that because "this is the third time Deputy Johnson has illegally searched a vehicle in [Deputy Melton's] presence, Plaintiff's [sic] claim against the City of Post should be allowed to move forward." *Id.*

Plaintiffs do not identify a *Post* policymaker, municipal policy or widespread practice, or unconstitutional policy that led to their claimed injuries. *Davidson v. City of Stafford*, 848 F.3d 384, 396 (5th Cir. 2017) (providing that "to find a municipality liable for a policy based on a

pattern, that pattern must have occurred for so long or so frequently" such that "the governing body" can be charged with knowing "that the objectionable conduct is the expected, accepted practice of city employees"); *Kennard v. City of Houston*, No. H-22-3365, 2023 WL 159782, at *4 (S.D. Tex. Jan. 11, 2023) (dismissing plaintiff's claims against the City of Houston because plaintiff's allegations that the city was liable "for having no policy or inadequate supervision, instruction, and training" for Houston police officers failed to identify an unconstitutional policy); *see Monell*, 436 U.S. at 691 (explaining that "[a] municipality cannot be held liable *solely* because it employs a tortfeasor").

Plaintiffs, therefore, do not state a claim of municipal liability against Post. Notwithstanding the factual defects in Plaintiffs' Complaint, because they could plausibly establish a claim of municipal liability by addressing the shortcomings identified herein, the undersigned recommends Plaintiffs be given *one opportunity* to amend their complaint.

### IV.  Leave to Amend

Plaintiffs have not requested leave to amend their Complaint. Nevertheless, the Fifth Circuit has observed that "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Because the undersigned cannot conclude, at this stage, that amendment would be futile, nor have Plaintiffs indicated they are unwilling to amend, Plaintiffs should be provided an opportunity to amend their Complaint.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Judge provide Plaintiffs **fourteen days after any order adopting this recommendation** to (1) amend their claims and (2) serve Post with the amended complaint. Should Plaintiffs amend their claims and serve Post with an amended complaint, the undersigned recommends that the United States District Judge **DENY** Post's 12(b)(5) and 12(b)(6) Motions as moot.

In the event Plaintiffs elect not to amend their Complaint but instead properly serve Post with the extant Complaint, the undersigned recommends that the United States District Judge (1) **DENY** Post's Rule 12(b)(5) Motion and (2) **GRANT** Post's Rule 12(b)(6) Motion and dismiss Plaintiffs' Complaint.

Finally, should Plaintiffs stand pat and neither amend or re-serve their Complaint, the undersigned recommends that the United States District Judge (1) **GRANT** Post's Rule 12(b)(5) Motion and (2) **DENY** its Rule 12(b)(6) Motion as moot.

## VI. Right To Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual

findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: November 7, 2023.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE