UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| JOSEPH SULLIVAN, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>GARZA COUNTY SHERIFF'S OFFICE, et al.,<br><br>  Defendants. | No. 5:23-CV-049-H-BQ |

## ORDER

  Before the Court are two motions to dismiss: one filed by Bobby Dean (Dkt. No. 34) and one filed by Derek Johnson and Samuel Melton (Dkt. No. 28). The United States Magistrate Judge issued Findings, Conclusions, and a Recommendation (FCR) that the plaintiffs be given 14 days after any order adopting the FCR to (1) amend their claims; (2) serve Dean with the amended complaint; and (3) correct the deficient signatures on their filings. Dkt. No. 52. The Magistrate Judge also issued an FCR recommending that (1) plaintiff Sullivan's excessive force and battery claims against Johnson and the bystander liability claims against Melton based on those claims be dismissed with prejudice; and (2) the plaintiffs be given 14 days after any order adopting the FCR to (a) amend their remaining claims and (b) serve Johnson and Melton with the amended complaint. Dkt. No. 53. If the plaintiffs amend and serve their complaint, the FCR recommends denying the motions to dismiss as moot. Dkt. Nos. 52; 53. No objections were filed as to either FCR.

  Where no specific objections are filed within the 14-day period, the Court reviews the Magistrate Judge's findings, conclusions, and recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir.

2020). The District Court has reviewed the FCR for plain error. Having conducted that review, the Court accepts and adopts the FCR as the findings of the Court with the following modification. The Court concurs that several of the plaintiffs' allegations regarding Dean's conduct after the open-air sniff are contradictory and thus implausible. *See* Dkt. Nos. 52 at 31–32; 53 at 30–31. However, the allegation that "Dean threw a tennis ball against the rear driver's side door and gave it to [the canine]," Dkt. No. 1 ¶ 78, is not contradicted by other facts alleged in the complaint and thus must be treated as true for purposes of analyzing the defendants' Rule 12(b)(6) motions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But even treating this allegation as true, the defendants' qualified immunity is only lost if there is "not even 'arguably' . . . probable cause for the search and arrest." *Brown v. Lyford*, 243 F.3d 185, 190 (5th Cir. 2001). As a result, the Court finds no plain error in the Magistrate Judge's conclusion that Dean's alleged actions did not destroy Johnson and Melton's pre-existing probable cause to search the plaintiffs' vehicle based on items they saw in plain view and thus did not result in a violation of clearly established Fourth Amendment law. *See* Dkt. Nos. 52 at 32–34, 32 n.10; 53 at 31–33, 31 n.13.

Accordingly, Sullivan's excessive force and battery claims and the corresponding bystander liability claims are dismissed with prejudice. The plaintiffs are given 14 days from the date of this Order to amend their remaining claims; serve Dean, Johnson, and Melton with the amended complaint; and correct the deficient signatures on their filings. If the plaintiffs do so, the Court will deny those defendants' motions to dismiss under Rules 12(b)(5) and 12(b)(6) as moot.

The plaintiffs are warned that if they do not amend their complaint but properly serve the defendants with the extant complaint, the Court will deny the defendants' Rule

12(b)(5) motions to dismiss but grant the defendants' Rule 12(b)(6) motions and dismiss this case.  If the plaintiffs neither amend nor re-serve their complaint, the Court will grant the defendants' Rule 12(b)(5) motions to dismiss, deny their Rule 12(b)(6) motions as moot, and dismiss this case.  Finally, if the plaintiffs do not correct the deficient signatures on the filings identified by the FCR, Dkt. No. 52 at 37, those filings will be stricken as to plaintiff Monica Chavez.

      So ordered on January 11, 2024.

                                                JAMES WESLEY HENDRIX
                                                UNITED STATES DISTRICT JUDGE